### F. D. PERKINS v. THE STATE.

No. 4149.    Decided December 6, 1916.

#### 1.—Labor Law—Control and Construction of Work—Insufficiency of the Evidence.

Where, upon trial of a violation of the eight-hour labor law, the evidence showed that defendant had no authority to issue any orders or to manage or control the construction work, or to employ or discharge any hand or laborer or to issue any orders to them, or to require or permit the laborers on the construction work to work or not to work thereon, and that these laborers were, controlled by other parties, the conviction could not be sustained.

#### 2.—Same—Words and Phrases—Permit.

The word "permit," in the sense in which it is used in the eight-hour labor statute, pertains to the authority or control of the employer or contractor over the employees or laborers, and there must be a corresponding relation by which the laborer works with the permission of his contractor or employer or the man who has him under authority; and where the evidence did not show this, the defendant could not be guilty of permitting laborers to work more than eight hours a day.

Appeal from the County Court of Collin.    Tried below before the Hon. H. L. Davis.

Appeal from a conviction of violating the eight-hour labor law; penalty, a fine of fifty dollars.

The opinion states the case.

*Wallace Hughston* and *W. R. Abernathy,* for appellant.—On question of insufficiency of the evidence:   Bradford v. State, 180 S. W. Rep., 702; Robertson v. State, 137 id., 944; O'Shennessey v. State, 49 Texas Crim. Rep., 600; Sessions v. State, 98 S. W. Rep., 243.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—This conviction was for violation of the eight-hour labor law.

The record discloses that there was being constructed a public road from the edge of the City of McKinney about seven and one-half miles into the country under contract with the Commissioners Court by J. Fred Smith. This was in road district No. 4 of Collin County. After Smith made the contract with the Commissioners Court he made a contract with appellant. By the terms of this contract appellant was to furnish the necessary funds to finance and carry out the contract to construct the road. In consideration of this, defendant was to establish an office in the City of McKinney to handle funds and to pay out money as well as to receive and collect from the company payments under the contract, and at the completion of the contract appellant was to receive one-half of the profits after payment of expenses. The actual construction was in charge of Mr. Keller as foreman. Keller was employed by J. Fred Smith and placed in charge of the work, clothed with full authority to employ and discharge all hands and laborers, with complete authority to issue all orders in the construction of the road and superintend all laborers as well. It is further shown appellant had no authority to issue any orders or to manage or control the construction work, or employ or discharge any hand or laborer, or to issue any orders to them, or require or permit these laborers to work or not to work on the road at any time. It is also shown that he had nothing to do with constructing the road, or with the laborers engaged in such construction. He had no management of the prosecuting witnesses Carter and Luten. He neither employed nor discharged them, nor managed or controlled them, nor did he require or permit them to work or not to work. Appellant signed some of the pay checks, and the others were signed by the bookkeeper, Mr. Sears. The time was kept by Mr. Sears. Sears was employed by J. Fred Smith. Luten testified he was controlled by the foremen, who told him when to work and when to quit; that these foremen were in charge of the witness. He further states that "While I was out on the road Mr. Perkins never told me what to do, when to begin or quit work. Sometimes Mr. Perkins came out there. He did not give me any orders to do anything. . . . I was in charge of McGill, Moore and Griffith during the time I worked. Mr. Lonnie Sears kept my time while I was out there at work." The testimony is fully borne out by Sears, the bookkeeper, as to keeping the books and signing the checks. This statement might be amplified in details, but we think this sufficient.

The statute under which appellant was convicted punishes the employer in charge of the hands, and this must be in some manner or way by which he may control or have authority over them. The statute

punishes if the employer or contractor shall require or permit the laborers to work beyond eight hours. In this case it may be conceded that the witness Luten testified that he worked ten hours, but he testifies appellant had nothing to do with him, and had no control over him; that he never gave him any orders in regard to the work, neither to begin or quit; that he was not controlled by appellant but by other parties, and the whole testimony shows this to be true. There can be no contention that appellant *required* the laborers to work. All the testimony excludes that idea. If appellant is liable, it must be under the other clause of the statute with reference to his *permitting* the laborers to work more than eight hours. The word "permit" here necessarily carries with it the idea of control of authority over the laborer. If the party having charge of the laborer requires him to work and he does work, he would be guilty. If he had him under his control or authority, and permitted him to work beyond eight hours, he might still be guilty under that phase of the statute. But the word "permit" in the sense in which it is used in this statute pertains to the authority or control of the employer or contractor over the employe or laborer. There must be a corresponding relation by which the laborer works with the permission of his contractor or employer, or the man who has him under authority. The word "permit" here does not apply generally to the citizenship. If so, then any man who happens to know of the fact that the laborer is working beyond eight hours and does not object to it, might be held for permitting that laborer to work. So the statute necessarily carries with it the relation of employer and employe, or the party having charge of the work has also charge of the laborer with corresponding authority over him. We do not believe the testimony so shows in this case; in fact, it excludes the idea.

The evidence not being sufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HARPER, JUDGE, absent.